P. F. COLLINS et al., Appellees, v. IOWA MANUFACTURERS INSURANCE COMPANY, Appellant.

APPEAL AND ERROR: Law of Case. A holding on appeal that
1   a plea of breach of conditions of an insurance policy was not sustained is a finality on retrial on substantially the same record.

INSURANCE: Deducting Amount Due on Mortgagee's Policy. On
2   the issue whether the amount of insurance collected by a mort-

gagee under his policy should be deducted from the amount due on the policy held by the owner of the property, record reviewed, and held to accord to the insurer ample protection to his rights.

**EVIDENCE:** Materiality. Evidence of what the officers of an insurance company "would have done" with reference to a policy, had they known certain facts touching incumbrances, is wholly immaterial, under an issue whether a condition of the policy had been broken.

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

FEBRUARY 16, 1920.

ACTION upon a policy of fire insurance, covering a home and its contents. There was a verdict for the plaintiff, and the defendant appeals.—*Affirmed.*

*J. T. Sullivan* and *Henderson, Fribourg & Hatfield,* for appellant.

*McCormick & McCormick* and *Ed Baron,* for appellees.

EVANS, J.—I. The action was before us on a former appeal. *Collins v. Iowa Mfrs. Ins. Co.,* 184 Iowa 747. Such former appeal was that of the defendant. On such appeal, we reversed the case in its favor, on the ground that the plaintiff had obtained the benefit of proof of waiver without pleading any. On all other grounds our holding was adverse to the appellant. The case being remanded for a new trial, the plaintiffs amended by pleading waiver. The defendant also filed amendments to its pleading. In the main, however, the defenses presented by it continue the same. The defenses relied on are alleged breaches of the conditions of the policy of insurance. It is alleged that the policy had been rendered void by breach of each of the following conditions thereof:

1. APPEAL AND ERROR: law of case.

"(d) If the interest of the insured be other than unconditional and sole ownership.

"(f) If any change, other than by death of the insured, whether by legal proceedings, judgment, voluntary act of the insured, or otherwise, takes place in the interest, title, possession or use of the subject of insurance, if such change in the possession or use makes the risk more hazardous.

"(g) If the subject of insurance or any part thereof be or become incumbered by liens, mortgages, or otherwise created by the voluntary act of the insured or within his control."

The questions of breach thus raised were all presented on the former appeal, and passed on by us adversely to appellant's contention. It is, therefore, not open to appellant nor to us to reopen the questions thus closed.

II. The policy in suit bore date July 8, 1914, and, as originally written, named P. F. Collins as the assured. On July 20th an endorsement was entered thereon, to the effect that Delia Collins held title to the property. Delia was the wife of P. F. Collins, and the real property was the homestead occupied by them, and the personal property was their household goods. The policy, in express terms, covered the property, not only of the assured, but also of the members of their family there located. On the latter date, the further endorsement was made on the policy, making it payable to the Northwestern National Bank of Sioux City, mortgagee, as its interest might appear. It appears, also, that the assured had acquired the real property only a few weeks prior to July 8, 1914, and, at the time of their acquisition thereof, it was already incumbered by the prior owners by two mortgages amounting on their face to a total of about $900. These mortgages had been foreclosed in September, 1913, in an action against the former owner; and the property had been sold under execution on October 22, 1913. The mortgage creditor purchased the same

at execution sale, and held a sheriff's certificate therefor. This fact was not known to P. F. Collins until about the time of the making of the endorsement on the policy, and was not known to Delia Collins at all. There was evidence by P. F. Collins that he had arranged with the Northwestern National Bank that it should purchase the outstanding sheriff's certificate, and that plaintiffs would secure the bank by a mortgage on the property and by insurance; that this information was imparted to the recording agent of the defendant company, whereby he was advised that the Northwestern National Bank was to have a mortgage for $900. This was the occasion of the endorsement of the mortgagee clause. The recording agent understood the endorsement to refer to an existing mortgage, and understood the amount thereof to be $100. The purchase of the outstanding certificate was not made by the bank, and it never acquired any interest or lien upon the property. One of the defenses pleaded was that Collins fraudulently concealed from the recording agent the existence of the sheriff's certificate. If the evidence of Collins is to be believed, he not only did not conceal, but he actually disclosed its existence, and disclosed his plan to finance it through the bank. He has corroboration in the fact that the mortgagee clause was attached in favor of the bank, whereby he represented an incumbrance to exist in favor of such bank, though it did not, in fact, exist, except by his anticipation. The trial court submitted the question to the jury as an issue of fact. The jury necessarily found, under the court's instruction, that there was no fraudulent concealment, and such finding has sufficient support in the evidence.

III. It appears, also, that, sometime in 1912, the former owner of the property or his mortgagee had taken a policy of insurance for $1,000 in the American Central, and that

loss under this policy was payable to the

2. INSURANCE: deducting amount due on mortgagee's policy.
mortgagee. This policy continued in force to the date of the fire, September 22, 1914. The plaintiffs had nothing to do with the making of such policy, and had no interest therein. On the former appeal, one of the contentions of the defendant was that the amount collected by the holder of the sheriff's certificate on that policy should be charged against the amount of recovery in favor of the plaintiffs, and that their recovery should be reduced accordingly. We held on that appeal that there was neither pleading nor proof that any amount had been collected on such previous policy.

By amendment after remand, the defendant pleaded that the holder of the sheriff's certificate collected on his policy the sum of $1,000, and asked, in effect, that such amount so paid be deemed to have discharged the amount due the plaintiffs for insurance on the building. On the trial, the proof was that the holder of the sheriff's certificate recovered on such former policy the sum of $300. The trial court instructed the jury that such amount of $300 should be deducted by them from any amount which they might otherwise allow to the plaintiffs for loss on the building. This instruction was consistent with the partial defense set up by the defendant in its amended pleading. It is now contended in argument, however, that only a pro rata amount should have been charged against the defendant, and that, therefore, it should not have been deemed liable beyond $500. Instruction to that effect was requested and refused. It appears that the proofs of loss which were formulated by the defendant's adjuster, and which were signed and verified by P. F. Collins, treated the former insurance as concurrent, and incorporated certain computations predicated upon the theory of pro rata liability. Emphasis is laid in argument upon that fact. The contention is a manifest afterthought. There is no intimation of it to be found

in the appellant's pleadings, either original or amended. If there had been, the provision of the proofs of loss in that regard would have been subject to explanation. The computations were not requisite as an essential part of the proofs. As made, they were doubtless intelligible to an expert. That they were not intelligible to a nonexpert might well be found, if issue were made thereon.

We are clear that, by the allowance of $300 as a constructive credit upon its policy, the defendant got all that its pleadings warranted.

IV. Some expert evidence was introduced, and more was offered, to the effect that, if the home office or the recording agent had known all the facts pertaining to the sheriff's certificate and the previous insurance, the risk would have been classified as prohibitive, by the officers of the defendant company, and would have been canceled. So far as the previous insurance is concerned, the policy in suit in express terms permitted it. So far as the sheriff's certificate is concerned, the evidence of Collins was sufficient to sustain a finding by the jury that this fact was disclosed to the recording agent by Collins as soon as he himself discovered it, on or about July 20, 1914. The trial court submitted the question of prohibitive risk as one of fact, and the adverse finding of the jury was sufficiently supported by the testimony of Collins. It is a matter of grave doubt whether the defendant was entitled to the instruction in its favor on this subject which was given by the trial court.

3. EVIDENCE: materiality.

Some evidence was offered by the defendant and rejected by the court on the part of the secretary at the home office as to what he would have done if he had known the facts disclosed by this record. Complaint is made of such rejection. We find no error in that regard. The defendant was under no burden of showing what it would have done. Its

only burden was to show a breach of some condition of the policy.

Other questions pressed again in argument were fully disposed of on the former appeal. We find no prejudicial error. The judgment below is, accordingly,—*Affirmed*.

WEAVER, C. J., PRESTON and SALINGER, JJ., concur.